IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 12-00645 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT WONG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRE-TRIAL MATTER DETERMINED BY THE <u>MAGISTRATE JUDGE, FILED OCTOBER 30, 2012</u>**

Before the Court is Defendant Robert Wong's ("Defendant") Appeal and Request to the District Court to Reconsider a Pre-Trial Matter Determined by the Magistrate Judge ("Appeal"), filed October 30, 2012.  [Dkt. No. 26.]  Plaintiff the Untied States of America ("the Government") filed its opposition to the Appeal on October 31, 2012 and its supplemental memorandum in opposition on November 1, 2012.  [Dkt. Nos. 28, 32.]  This matter came on for hearing on November 2, 2012.  Appearing on behalf of the Government were Assistant United States Attorney Leslie Osborne, Jr.  Also present was Corey Hokama.  Appearing on behalf of Defendant was Assistant Federal Public Defender Sean R. Coutain.  Defendant was also present.

**BACKGROUND**

In an indictment filed on June 21, 2012, Defendant was charged with fraud in violation of 18 U.S.C. § 1343. She is alleged to have solicited investors to place money in programs or investments and falsely stated that these investors would receive significant returns on their original investments. These allegedly false representations sometimes included directing investors to send money directly to Africa. [Dkt. No. 1.]

On July 3, 2012, Defendant was ordered to comply with specific conditions for her pretrial release. Relevant to the matter at hand, these conditions included that she refrain from violating any federal, state or local laws. [Dkt. No. 7.]

On September 28, 2012, the Government filed its motion to revoke bail. [Dkt. No. 16.] The Government contended that, on August 20, 2012, a Mr. Robert Corder was interviewed by federal agents and stated that Defendant persuaded him and others to wire significant sums of money to Ghana as an "investment", and that the last time that he spoke about his investment with Defendant was on August 17, 2012 by telephone. The Government further represented that Mr. Corder produced a listing on his mobile telephone that displayed telephone calls associated with a telephone number for "Roberta Wong".

On October 3, 2012, a hearing on the motion to revoke bail was held before United States Magistrate Judge Richard L. Puglisi. The Government made several representations at the

hearing, including proffering and filing under seal what was described as an investigative report and identified as "Exhibit 1" as well as offering Corey Hokama, identified as a representative from Homeland Security, as a witness who could testify as to Exhibit 1.  The Government also stated that it possessed an audio recording of Defendant's voice on telephone calls with Mr. Corder, the alleged victim.  In opposition, Defendant's counsel argued that the Government failed to have the alleged victim testify about the alleged solicitation by Defendant, that the tape recording did not conclusively establish that Defendant's voice was on the recording, and that the recordings did not provide any evidence of an illegal purpose.  In short, Defendant submitted that the Government failed to prove that Defendant violated any laws after being placed on conditions of pretrial release.

The magistrate judge found that the Government made a sufficient showing that Defendant is a danger to the community, and granted the motion to revoke bail.  Defendant's pretrial release conditions were revoked, and she was detained on October 3, 2012.

**STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge.  Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed

by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); see also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Hawai'i 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

## DISCUSSION

The Bail Reform Act of 1984 ("Act"), 18 U.S.C. § 3141, *et seq.*, is the statutory scheme in which federal courts consider the circumstances under which bail may be granted as well as subsequently revoked. 18 U.S.C. § 3148 specifically governs revocation of pretrial release. It provides as follows:

> **(b) Revocation of release.**--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation

>    and detention if, after a hearing, the
>    judicial officer--
>
>    (1) finds that there is-
>
>      (A) probable cause to believe that
>      the person has committed a Federal,
>      State, or local crime while on
>      release; or
>
>      (B) clear and convincing evidence
>      that the person has violated any
>      other condition of release; and
>
>    (2) finds that-
>
>      (A) based on the factors set forth
>      in section 3142(g) of this title,
>      there is no condition or
>      combination of conditions of
>      release that will assure that the
>      person will not flee or pose a
>      danger to the safety of any other
>      person or the community; or
>
>      (B) the person is unlikely to abide
>      by any condition or combination of
>      conditions of release.
>
>    If there is probable cause to believe that,
>    while on release, the person committed a
>    Federal, State, or local felony, a rebuttable
>    presumption arises that no condition or
>    combination of conditions will assure that
>    the person will not pose a danger to the
>    safety of any other person or the community.
>    If the judicial officer finds that there are
>    conditions of release that will assure that
>    the person will not flee or pose a danger to
>    the safety of any other person or the
>    community, and that the person will abide by
>    such conditions, the judicial officer shall
>    treat the person in accordance with the
>    provisions of section 3142 of this title and
>    may amend the conditions of release
>    accordingly.

18 U.S.C. § 3148 (b)(1)(A)-(B), (b)(2)(A)-(B); see also United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986) ("This scheme

indicates that where there is probable cause to believe the released defendant has committed a crime, he may thereafter be detained upon a finding, by only a preponderance of the evidence, that no conditions of release will guard against flight or dangerousness or that the person is unlikely to abide by any release condition.")

"[P]robable cause under section 3148(b)(1)(A) requires only that the facts available to the judicial officer 'warrant a [person] of reasonable caution in the belief' that the defendant has committed a crime while on bail." Id. (quoting Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543 (1983) (plurality opinion)).  In drafting the Bail Reform Act, Congress considered "probable cause" to be a less demanding standard than that of "substantial probability". Id. (citing United States v. Contreras, 776 F.2d 51, 53 (2d Cir. 1985)).

Here, the magistrate judge reviewed the investigative report identified at the hearing as "Exhibit 1", and accepted the Government's representations that Defendant's voice had been identified on the recordings of telephone conversations with Mr. Corder.  [Suppl. Mem. in Opp., Exh. 2 (Report of Investigation dated August 29. 2012), Exh. 3 (Transcript taken on October 3, 2012), at 5.]  The judge found, as a result, that the Government had made a sufficient showing by a "preponderance of the evidence" that Defendant contacted individuals as set forth in the investigative report.  [Exh. 3 at 13.]

Although the magistrate judge incorrectly viewed the evidence under the preponderance of the evidence (rather than the probable cause) standard, this mistake resulted in holding the Government's proof to a higher and more stringent standard than the Act requires.  See Gotti, 794 F.2d at 777 (quoting Texas v. Brown, 460 U.S. at 742) ("In the context of a seizure, probable cause demands only a 'practical, nontechnical' probability that incriminating evidence is involved, not a 'showing that such a belief be correct or more likely true than false.'").  This Court cannot therefore conclude that the ruling was clearly erroneous.

Defendant's hearsay objection and argument that the Government was required to produce witnesses necessary to authenticate the investigative report, to give testimony about the investigation, to authenticate the recorded telephone calls, or to identify Defendant as the person in the recordings are unsupported by law.  The Act expressly provides that the Federal Rules of Evidence do not apply in detention hearings.  See 18 U.S.C. 3142(f)(2)(B) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004) ("We note, however, that even in the pre-trial context, few detention hearings involve live testimony or cross examination.  Most proceed on proffers.").  Thus, judicial officers often and permissibly make bail determinations based on hearsay.

Lastly, Defendant has not successfully rebutted the presumption that there is no condition or combination of conditions that will assure that she will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148 (b)(2)(B).  Courts have long recognized that "danger" in the context of § 3148 refers to unlawful conduct, with little distinction between whether the nature of the conduct is economic or physical.  <u>United States v. Reynolds</u>, 956 F.2d 192, 192-93 (9th Cir. 1992) ("We further hold that danger may, at least in some cases, encompass pecuniary or economic harm.") (citing <u>United States v. Provensano</u>, 605 F.2d 85, 95 (3rd Cir. 1979), <u>United States v. Parr</u>, 399 F. Supp. 883, 888 (W.D. Tex. 1975)).

## <u>CONCLUSION</u>

Defendant's Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge, filed October 30, 2012, is HEREBY DENIED, and the Magistrate Judge's Order Granting Motion to Revoke Bail, filed on October 3, 2012, is HEREBY AFFIRMED.

DATED AT HONOLULU, HAWAII, November 7, 2012.



　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　United States District Judge

**UNITED STATES OF AMERICA V. ROBERT WONG; CR. NO. 12-00645 LEK; ORDER DENYING DEFENDANT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRE-TRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE, FILED OCTOBER 30, 2012**